No. 55134.—J. Eisenberg Co. v. United States, protest 135217–K (New York).

Opinion by COLE, J.   The protest was dismissed.

No. 55135.—S. B. Penick & Co. v. United States, protests 138128–K, etc. (New York).

Opinion by COLE, J.   The protests were dismissed.

No. 55136.—Mr. and Mrs. Leo G. Weinberg v. United States, protest 153909–K (St. Albans, Vt.).

MOLLISON, Judge:   This protest is directed against the action of the collector of customs at the port of St. Albans, Vt., in refusing to refund as drawback under the provisions of section 313 (c), Tariff Act of 1930 (19 U. S. C. § 1313 (c)), 99 per centum of the duties paid upon the importation of a certain mink cape which was subsequently exported as not conforming to specifications.

The essential facts are not in dispute.   During a visit to Canada the plaintiffs purchased the mink cape in question in a department or specialty store upon the representation that it was of the best quality available both as to materials and workmanship.   The plaintiffs are not engaged in the fur business, and possessed only a layman's knowledge of such matters, and it was a condition of the sale that it could be revoked or cancelled by the plaintiffs if the cape was not of the represented quality.

Upon return to the United States and after the payment of duty, the plaintiffs caused the cape to be inspected by a fur appraiser, who reported that the quality was not of the best and the workmanship was poor.

Within 30 days after its entry, the cape was returned to customs custody and application was made to export the same with benefit of drawback under the provisions of section 313 (c), supra.   It was thereupon exported and returned to the seller, who refunded the purchase price, but drawback was disallowed on the ground that the purchase was an over-the-counter transaction and the cape received was the one selected in Canada.

Section 313 (c) reads as follows:

SEC. 313.   DRAWBACK AND REFUNDS.

*         *         *         *         *         *         *

(c)   MERCHANDISE NOT CONFORMING TO SAMPLE OR SPECIFICATIONS.—Upon the exportation of merchandise not conforming to sample or specifications upon which the duties have been paid and which have been entered or withdrawn for consumption and, within thirty days after release from customs custody, returned to customs custody for exportation, the full amount of the duties paid upon such merchandise shall be refunded as drawback, less 1 per centum of such duties.

As has been stated, it was established that the purchase of the cape in Canada was made upon the condition that it be of the best quality available, and the purchasers were at that time not in a position to determine whether the cape conformed to that condition or specifications.   Subsequent inspection by a competent appraiser established that the condition or specification as to quality was not met, and it is our view that the facts in this case, as contained in the record before us, entitle the plaintiffs to the relief that the statute was designed to afford.

Judgment will therefore issue sustaining the protest claim for refund, and the collector of customs will be directed to reliquidate the entry accordingly.